IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| **EDWARD ROY RODRIGUEZ** | § | |
| | § | |
| VS. | § | **CIVIL ACTION NO. 4:21cv128** |
| | § | **CRIMINAL ACTION NO. 4:19cr78(1)** |
| **UNITED STATES OF AMERICA** | § | |

**REPORT AND RECOMMENDATION**
**OF THE UNITED STATES MAGISTRATE JUDGE**

*Pro se* Movant Edward Roy Rodriguez filed a motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255, which was referred to the undersigned for findings of fact, conclusions of law, and recommendations for the disposition of the case. On July 24, 2023, Movant's copy of the Court's Order granting Respondent an extension of time (Dkt. #8) was returned and marked, "Return to Sender - Unclaimed - Unable to Forward" (Dkt. #10).  It is Movant's responsibility to keep the Court advised of his current address.  "A pro se litigant must provide the court with a physical address (i.e., a post office box is not acceptable) and is responsible for keeping the clerk advised in writing of his or her current physical address." Local Rule CV-11(d).  In an abundance of caution, on July 27, 2023, the Court provided Movant fourteen days in which to provide his current physical address in writing to the Court (Dkt. #12).  As of today's date, Movant has failed to comply.  Accordingly, he has failed to prosecute his case.

The exercise of the power to dismiss for failure to prosecute is committed to the sound discretion of the Court, and appellate review is confined solely in whether the Court's discretion was abused.  *Green v. Forney Eng'g Co.*, 589 F.2d 243, 247 (5th Cir. 1979); *Lopez v. Aransas Cnty. Indep. Sch. Dist.*, 570 F.2d 541, 544 (5th Cir. 1978).  Not only may a district court dismiss for want

of prosecution upon motion of a defendant, but it may also, *sua sponte*, dismiss an action whenever necessary to achieve the orderly and expeditious disposition of cases. *Anthony v. Marion Cnty. Gen. Hosp.*, 617 F.2d 1164, 1167 (5th Cir. 1980). The present case should be dismissed for failure to prosecute. Fed. R. Civ. P. 41(b).

The Fifth Circuit has repeatedly held that dismissal with prejudice for failure to obey an order or failure to prosecute is an extreme sanction that should be employed only when the plaintiff's conduct has threatened the integrity of the judicial process in such a way that leaves the court no choice but to deny the plaintiff benefits. *McNeal v. Papasan*, 842 F.2d 787, 790 (5th Cir. 1988). A court should consider lesser sanctions, such as fines, costs, damages, conditional dismissals and dismissals without prejudice, among other lesser measures prior to dismissing a case with prejudice. *Id.* at 793. In the present case, Plaintiff failed to prosecute his case. His intentions and actions do not threaten the judicial process; thus, a dismissal without prejudice is the best course of action at this time.

## **RECOMMENDATION**

It is recommended the § 2255 motion be dismissed without prejudice. *Id.* Within fourteen days after service of the magistrate judge's report, any party must serve and file specific written objections to the findings and recommendations of the magistrate judge. 28 U.S.C. § 636(b)(1)( c). To be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.

Failure to file specific, written objections will bar the party from appealing the unobjected-to factual findings and legal conclusions of the magistrate judge that are accepted by the district court, except upon grounds of plain error, provided that the party has been served with notice that such consequences will result from a failure to object *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996) (*en banc*), *superceded by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections from ten to fourteen days).

**So ORDERED and SIGNED this 21st day of August, 2023.**

_____
KIMBERLY C. PRIEST JOHNSON
UNITED STATES MAGISTRATE JUDGE